EISENBERG & BAUM, LLP
ATTORNEYS FOR PLAINTIFF
24 UNION SQUARE EAST
NEW YORK, NY 10003
(212) 353-8700

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| KENNETH FRILANDO, | CIV. NO. |
| Plaintiff, | ECF CASE |
| v. | |
| SMITH & SOLOMON SCHOOL OF TRACTOR TRAILER DRIVING, INC., | COMPLAINT |
| Defendants. | JURY TRIAL DEMANDED |

---

Plaintiff, KENNETH FRILANDO ("Plaintiff"), by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby sues Defendant, SMITH & SOLOMON SCHOOL OF TRACTOR TRAILER DRIVING, INC. ("Defendant" or "Smith & Solomon"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. Smith & Solomon discriminated against Plaintiff by flatly refusing to allow him to take commercial driver training courses because of his disability, even though he has a Class A Commercial Driving License (CDL) and obtained safety waivers from the Federal Motor Carrier

1

Safety Administration (FMCSA) indicating he was capable of safely operating a commercial vehicle. Smith & Solomon offers these courses to anyone else who seeks to take them, but not did offer them to Plaintiff because Plaintiff is deaf.

2.      Plaintiff brings this action to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and its implementing regulation, 28 C.F.R. Part 36; the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §§ 10:5-1, et seq.; and other state and common law causes of action.

## THE PARTIES

3.      Plaintiff KENNETH FRILANDO is an individual residing at 330 Beach 90 Street, Rockaway Beach, New York 11693. Mr. Frilando is deaf, primarily communicates in American Sign Language, and is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

4.      Defendant SMITH & SOLOMON SCHOOL OF TRACTOR TRAILER DRIVING, INC., at all times hereinafter mentioned, is an organization that has been licensed and doing business in the State of New Jersey with a principal business location at 1701 Lower Road, Linden, New Jersey 07036. Smith & Solomon operates places of public accommodation under federal and state anti-discrimination laws, and is therefore subject to the requirements of the ADA and the NJLAD.

**JURISDICTION & VENUE**

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant resides within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

**STATEMENT OF FACTS**

7. Plaintiff is deaf and communicates in American Sign Language (ASL).

8. Plaintiff possesses a Class A Commercial Driver License (CDL) from the State of New York, which is valid and expires on January 2, 2016.

9. Plaintiff received a 90-day waiver from the Federal Motor Carrier Safety Administration (FMCSA), exempting him from the federal hearing standard of 49 C.F.R. 391.41(b)(11) from January 14, 2015 until April 14, 2015.

10. Plaintiff later received a two-year waiver from the FMCSA, exempting him from the hearing regulation of 49 C.F.R. 391.41(b)(11) effective March 29, 2015 until March 29, 2017.

11. On or around March 17, 2015, Joseph Frilando, Plaintiff's brother, contacted one Mr. Dale Wessendorf at Smith & Solomon, informing him of Plaintiff's desire to take courses with Smith & Solomon.

12. Upon information and belief, Mr. Wessendorf is Director of Safety and Program Training at Smith & Solomon.

13. Joseph Frilando told Mr. Wessendorf that his brother, Plaintiff, was deaf, and asked about accommodations that would permit Plaintiff to take the courses.

14. Joseph Frilando reached out to Mr. Wessendorf again via email on March 23, 2015

and March 29, 2015 to follow up to his request.

15. Mr. Wessendorf responded on March 30, 2015, stating: "We are seeking guidance from the Federal DOT and the local MVC's regarding how to Safely and Effectively accommodate the specific needs of this community. As of yet we do not have a clear direction in the matter. As we receive additional communication we will keep you advised."

16. Mr. Wessendorf also asked for a copy of Plaintiff's waiver.

17. Joseph Frilando provided both the 90-day and two-year waivers via email to Mr. Wessendorf on April 6, 2015.

18. On April 6, 2015, Mr. Wessendorf sent a final message, stating: "After considerable discussion at both the State and Federal level and having received little or no guidance on how to effectively train and safely protect the motoring public, the student and our personnel, we have determined that Smith & Solomon is not capable or qualified at this time to render the services requested. Thank you very much for your interest in Smith & Solomon."

19. Defendant therefore flatly denied its services to Plaintiff because of his deafness, making no attempt whatsoever to offer its services in an accessible manner.

## COUNT I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

21. At all times relevant to this action, Title III of the ADA, 42 U.S.C. §§ 12181, et seq. was in full force and effect and applied to Defendant's conduct.

22. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendant's conduct.

23. At all times relevant to this action, Plaintiff has been substantially limited in the

major life activities of hearing and speaking, and is therefore an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

24. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(J).

25. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. Title III of the ADA defines discrimination to include denying participation or offering unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A).

27. Title III of the ADA further defines discrimination to include "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered." 42 U.S.C. § 12182(b)(2)(A)(i).

28. Title III of the ADA further defines discrimination to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Title III of the ADA further defines discrimination to include "a failure to take such

steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

30. Title III of the ADA further provides that "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

31. Defendant discriminated against Plaintiff on the basis of his disability by violating the aforementioned provisions of the ADA.

32. Plaintiff still wishes to take courses at Smith & Solomon, and would do so if its courses were offered in an accessible format, but he is deterred from doing so based on the discrimination he has faced.

33. Plaintiff intends to take courses at Smith & Solomon, but cannot at the present time because he is unlawfully barred from taking those courses due to his disability.

34. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorney's fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

### COUNT II: VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

35. Plaintiffs repeats and realleges all preceding paragraphs in support of this claim.

36. At all times relevant to this action, the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §§ 10:5-1, et seq., has been in full force and effect and has applied to the Defendant's conduct.

37. At all times relevant to this action, Plaintiff has been a person with a disability

within the meaning of N.J.S.A. §§ 10:5-5(q) and 10:5-5(w).

38. At all times relevant to this action, Defendant's facilities have been places of public accommodation within the meaning of N.J.S.A. § 10:5-5(l).

39. Pursuant to N.J.S.A. § 10:5-12(f)(1), it shall be unlawful discrimination "for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . on account of . . . disability."

40. Plaintiff is an aggrieved person within the meaning of N.J.S.A. § 10:5-13, which extends relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of his or her disability.

41. Defendant discriminated against Plaintiff on the basis of disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of their place of public accommodation and equal opportunity to participate in and benefit from Defendants' services in violation of N.J.S.A. § 10:5-1, et seq.

42. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.J.S.A. § 10:5-13.

43. Plaintiff is further entitled to an award of punitive damages pursuant to N.J.S.A. § 10:5-3.

44. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to N.J.S.A. § 10:5-27.1.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and/or practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the New Jersey Law Against Discrimination;

b. Enjoin Defendant from implementing or enforcing any policy, procedure, and/or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs;

c. Order Defendant:

    i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

    ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendant will consider the communication needs of deaf individuals who seek Defendant's services and will affirmatively work with deaf individuals to provide reasonable accommodations to make its services accessible;

    iii. to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the New Jersey Law Against Discrimination;

d. Award to Plaintiff:

    i. Compensatory damages pursuant to the NJLAD;

    ii. Punitive damages pursuant to the NJLAD;

    iii. Reasonable costs and attorneys' fees pursuant to the ADA and the NJLAD;

   iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

   v. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

                EISENBERG & BAUM, LLP

By: _____
                Eric M. Baum, Esq. (EB-5493)
                ebaum@EandBlaw.com

                _____
                Andrew Rozynski, Esq. (AR-2870)
                arozynski@EandBlaw.com

                Attorneys for Plaintiffs
                Office and Post Office Address
                24 Union Square East, Fourth Floor
                New York, NY  10003
                (212) 353-8700